# United States Court of Appeals for the Federal Circuit

2004-1522

SMITHKLINE BEECHAM CORPORATION
and SMITHKLINE BEECHAM, P.L.C.,

> Plaintiffs/Counterclaim Defendants-
> Appellants,

and

GLAXOSMITHKLINE, P.L.C.,

> Plaintiff/Counterclaim Defendant,

and

BEECHAM GROUP, P.L.C.,

> Plaintiff,

v.

APOTEX CORPORATION, APOTEX, INC.,
and TORPHARM, INC.,

> Defendants/Counterclaimants-
> Appellees.

Ford F. Farabow, Jr., Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, filed a petition for rehearing en banc for plaintiffs/counterclaim defendants-appellants. With him on the petition were Howard W. Levine, Sanya Sukduang, and Jennifer S. Swan.

Hugh L. Moore, Lord, Bissell & Brook LLP, of Chicago, Illinois, filed a response to the petition for defendants/counterclaimants-appellees. With him on the response were Keith D. Parr, Scott B. Feder, Hugh S. Balsam, and Kevin M. Nelson.

Appealed from: United States District Court for the Eastern District of Pennsylvania

Judge R. Barclay Surrick

# United States Court of Appeals for the Federal Circuit

2004-1522

SMITHKLINE BEECHAM CORPORATION
and SMITHKLINE BEECHAM, P.L.C.,

Plaintiffs/Counterclaim Defendants-
Appellants,

and

GLAXOSMITHKLINE, P.L.C.,

Plaintiff/Counterclaim Defendant,

and

BEECHAM GROUP, P.L.C.,

Plaintiff,

v.

APOTEX CORPORATION, APOTEX, INC.,
and TORPHARM, INC.,

Defendants/Counterclaimants-
Appellees.


ON PETITION FOR REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, and PROST, <u>Circuit Judges</u>.

<u>O R D E R</u>

A petition for rehearing en banc was filed by the Appellants, and a response thereto was invited by the court and filed by the Appellees. The matter was referred first as petition for panel rehearing to the panel that heard the appeal, and thereafter the petition for rehearing en banc and response were referred to the circuit judges who are

authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for rehearing is denied.

(2) The petition for rehearing en banc is denied.

(3) The mandate of the court will issue on June 29, 2006.

NEWMAN, Circuit Judge, dissents in a separate opinion, in which GAJARSA, Circuit Judge, joins.

RADER, Circuit Judge, dissents in a separate opinion, in which GAJARSA, Circuit Judge, joins.

LOURIE, Circuit Judge, did not participate in the vote.


FOR THE COURT


__Jun 22 2006__             _s/Jan Horbaly___
   Date                            Jan Horbaly
                                   Clerk


cc:    Ford F. Farabow, Jr., Esq.
        Hugh L. Moore, Esq.

# United States Court of Appeals for the Federal Circuit

04-1522

SMITHKLINE BEECHAM CORPORATION,
SMITHKLINE BEECHAM, P.L.C.,

Plaintiffs/Counterclaim Defendants-Appellants,

and

GLAXOSMITHKLINE, P.L.C.,

Plaintiff/Counterclaim Defendant,

and

BEECHAM GROUP, P.L.C.,

Plaintiff,

v.

APOTEX CORPORATION, APOTEX INC.,
AND TORPHARM, INC.,

Defendants/Counterclaimants-Appellees.

NEWMAN, Circuit Judge, with whom GAJARSA, Circuit Judge, joins, dissenting from denial of the suggestion for rehearing *en banc*.

Although I believe that the opinions of this court on product-by-process claims, viz., Scripps Clinic & Research Found. v. Genentech, Inc., 927 F.2d 1565 (Fed. Cir. 1991) and Atlantic Thermoplastics Co. v. Faytex Corp., 970 F.2d 834 (Fed. Cir. 1992), do not conflict when viewed in the contexts in which they arose and to which they apply, there has been enough misperception and casual misstatement among users of the patent system, to

warrant our resolution of the debate. This case is an ideal vehicle for such remedy, for misstatement concerning these cases misled the district court, and indeed has, in my view, misled the majority of this panel. As I wrote in my dissent from the panel decision, <u>Scripps</u> accommodates the situation where the product is novel and complex and cannot be described other than by the way it was made, while <u>Atlantic Thermoplastics</u> deals with a product whose production requires use of a certain process, whether or not the product itself is novel.

In view of the apparent uncertainty within the patent community as to the distinction between such situations, it is time for this court to interpret the law with one voice. From the court's decision not to respond to this need, I respectfully dissent.

04-1522                                    2

# United States Court of Appeals for the Federal Circuit

04-1522

SMITHKLINE BEECHAM CORPORATION,
SMITHKLINE BEECHAM, P.L.C.,

Plaintiffs/Counterclaim Defendants-Appellants,

and

GLAXOSMITHKLINE, P.L.C.,

Plaintiff/Counterclaim Defendant,

and

BEECHAM GROUP, P.L.C.,

Plaintiff,

v.

APOTEX CORPORATION, APOTEX INC.,
AND TORPHARM, INC.,

Defendants/Counterclaimants-Appellees.

RADER, Circuit Judge, dissenting from denial of the suggestion for rehearing en banc, in which GAJARSA, Circuit Judge, joins.

The role of the claims in an infringement or anticipation analysis is at the heart of patent law. Whether all the words in a product-by-process claim are limiting is a question that patent attorneys, trial courts, and apparently this court, still cannot confidently answer. This court's decision in Smithkline Beecham Corp. v. Apotex Corp., 439 F.3d 1312 (Fed. Cir. 2006) expands on the existing confusion by suggesting that the specific language of the claims is not relevant to anticipation. 439 F.3d at 1317. That additional confusion does a disservice to this court's jurisprudence.

Without doubt, this court's product-by-process law contains an apparent conflict. Choosing between Scripps Clinic & Research Foundation Genentech, Inc., 927 F.2d 1565 (Fed. Cir. 1991) and Atlantic Thermoplastics Co. v. Faytex Corp., 970 F.2d 834 (Fed. Cir. 1992) is not task this court through its inaction should continue to force on trial courts, as it did in Smithkline. Giving those same trial courts the option of ignoring the claim language altogether is simply inexcusable. Besides, this court's Smithkline opinion begs the question: how can a trial court determine whether a patentee has claimed an old product without first construing the scope of what has been claimed? Without a satisfying answer to that question, I respectfully dissent from the denial to rehear Smithkline en banc.